UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TRUSTEES OF THE UNITED UNION OF ROOFERS,
WATERPROOFERS AND ALLIED WORKERS LOCAL
154 WELFARE, PENSION, ANNUITY, AND
APPRENTICESHIP AND TRAINING FUNDS,

                              Plaintiffs,        **ORDER**
                                                             CV 08-5014 (LDW)(ARL)

       -against-

HYGRADE INSULATORS, INC,

                              Defendant.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

Before the court are the defendant's letter applications dated April 20, 2010 and April 23, 2010, seeking to compel the production of communications with the plaintiffs' accountants and the production of a privilege log, to require the plaintiffs to execute a confidentiality agreement, and to compel the plaintiffs to appear for depositions. The plaintiffs have responded to the April 20, 2010 application by letter dated April 25, 2010, but have not responded to the April 23, 2010 motion. For the reasons set forth below, the applications are granted, in part and denied, in part.

By way of background, this matter involves the alleged failure of the defendant to contribute to multi-employer benefit funds from January 1, 2004 to November 30, 2007. The plaintiffs engaged Moore Stephens, P.C. ("MSPC") to conduct an audit of the defendant's books and records and MSPC issued a draft audit report in November 2009. Upon receipt of the draft audit report, the defendant sought the production of the following documents:

      1. All communications between MSPC and the Funds regarding the audit;
      2. All engagement letters regarding the scope of the audit; and
      3. All minutes and agendas from Fund meetings in which the defendant was identified or discussed or in which the scope of employer audits was discussed.

In response to the requests, the plaintiffs identified minutes when the defendant was mentioned but objected to the balance of the requests on the basis of work product and attorney client privilege.

After a series of exchanges, the plaintiffs produced a privilege log with respect to the Funds communications with MSPC through November 11, 2009. The plaintiffs also produced their engagement letter but refused to produce documents responsive to the request for "all minutes and agendas from Fund meetings in which . . . the scope of employer audits was discussed." The defendant contends that the production is insufficient. It argues, among other things, that (1) the engagement letter is insufficient to explain the specific procedures used by MSPC; (2) it does not believe that the communications between the Fund, its counsel and MSPC constituted work product; and (3) the minutes concerning other employer audits are necessary to its understanding of how audits are conducted.

With respect to the defendant's request for all communications between MSPC and the Funds regarding the audit, the court cannot determine whether the plaintiffs properly asserted the attorney-client and/or work product privileges given the plaintiffs' contention that MSPC will be testifying as a fact, rather than an expert witness. Accordingly, the plaintiffs are directed to provide the court with the 20 documents for an *in camera* review by May 12, 2010. The plaintiffs shall also provide the defendant with an updated privilege log through April 15, 2010, the date of the revised audit report. The court does not believe that the request is irrelevant simply because the revised report found no new discrepancies. The plaintiffs have already provided the defendant with the engagement letter, and thus, that issue is moot. Any additional information concerning audit procedures can be obtained through depositions. Finally, with respect to the defendant's

request for all minutes and agendas from Fund meetings in which the scope of employer audits was discussed, the court agrees with the plaintiffs that that request is overly broad.

The defendant's request to compel the plaintiffs to execute a confidentiality agreement is also denied, with leave to renew. The defendant has not explained why it believes a confidentiality agreement is necessary. Instead, the defendant has invited the court to review countless e-mail exchanges in order to elicit the nature of the parties' dispute.

The defendant's request to compel the plaintiffs to provide it with new dates for the depositions and to extend the discovery schedule by one month is granted, as unopposed. By May 10, 2010, counsel for the plaintiffs is to provide counsel with a list of alternative dates for the trustees' depositions. All discovery, inclusive of expert discovery, is to be completed by June 21, 2010. Any party planning on making a dispositive motion shall take the first step in the motion process by July 6, 2010. The final conference is adjourned to July 30, 2010 at 11:30 a.m. The parties are directed to electronically file the proposed joint pretrial order prior to the final conference. No further adjournments will be granted.

Dated: Central Islip, New York
      May 6, 2010

**SO ORDERED:**

_____/s/_____
ARLENE R. LINDSAY
United States Magistrate Judge